IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABMA
SOUTH DIVISION

ANGELA DINISE NAILS,

        Plaintiff,    CIVIL ACTION NO.
                          1:06CV253-MEF
VS

COMPASS BANK DOTHAN,

        Defendant(s),


ADMENDED COMPLAINT


The Plaintiff suffered damages form the Defendant(s) because of Account Balances, Federal Rule 823 So. 2d Account Holders. The Plaintiff relationship with the Compass Bank has suffered because of the issues of the Plaintiff Checking Account dates closing the Plaintiff Checking Account, the date the Checking Account was to close but the Checking Account did not close and incurred return checks. The Plaintiff Checking Account Overdraft and Fees Federal Rule 12 CFR 226.4(c) (3). The Plaintiff Checking Account Limit(s) Federal Rule 19 B-16.005(1). The Plaintiff suffered thur the

Accounts Agreement Federal Reserve Rule 19. The Plaintiff spoke with Jerri Carothers address 1263 West Main Street Dothan, Alabama 36301, who is the Supervisor for the Tellers of the Compass Bank Dothan, Jerri Carothers contacted the Birmingham, Alabama Branch Office and told the accounting department not to pay any checks from the Plaintiff Checking Account Number 0026469996 because the Checking Account was closing, even though money was in the Checking Account to pay Checks, Check #1013 for $6.06 was return and a NSF was charged to the Checking Account, Check #1008 for $29.58 was return and a NSF was charged to the Checking Account along with Service Fees $2.00 Per day after 2 days Service Fees occur against accounts, for each check returned to merchant(s). NSF is $36.00 each return check. Letters of collection were mail to the Plaintiff home address after Checking Account close at a 0 balance. The Compass Bank would except checks to go thur to the Plaintiff Checking Account for processing. Regina McNeil Investment Representative for the Compass Bank address 1263 West Main Street Dothan, Alabama 36301, Regina McNeil told Jerri Carothers to mail

a letter to the Plaintiff indicating to the Plaintiff both of the Plaintiff Checking Accounts would close 10 days form the date on the letter, because of the total of disputes of Companies Product Orders the Compass Bank was paying thur the bank authorization but not authorized by the Plaintiff. Regina McNeil and Jerri Carothers never corrected the balance of NSF over $300.00 after the Plaintiff requested the Compass Bank to do before any of the Plaintiff accounts close. Not rechecking the Checking Account cause the Plaintiff balance to become exsteamly overdrawn, no repayment was given to the Plaintiff for the overdrawn Checking Account. Deposits balance were not correct on the account, Compass Bank would not investigate the deposit made by the Plaintiff Nov 23, 2005 until January 18, 2006. The Compass Bank is incorporated in the State of Alabama. The Plaintiff incurred Punitive Damages and costly hardship damages totaling $75,000.00.

*Angela Denise Nails*
ANGELA DENISE NAILS

PRO SE