IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06CV253-MEF |
| | ) | |
| COMPASS BANK DOTHAN | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On 17 March 2006, the plaintiff, ANGELA DENISE NAILS ["Nails"], filed a civil complaint in this court alleging acts of wrongdoing against Compass Bank Dothan, including wrongful closure of her accounts of deposit (Doc. # 1). Because the claims were not clearly stated and the court could not discern whether its jurisdiction had been properly invoked, the court directed Nails to file an Amended Complaint (Doc. # 5). Nails filed her Amended Complaint on 7 April 2006 (Doc. # 6).

Based upon the court's review of the Amended Complaint and for the reasons stated herein, the Magistrate Judge recommends that this action be dismissed, without prejudice, in accordance with the provisions of 28 U.S.C. §§ 1915 (e)(2)(B) (i) and (ii) because the court lacks jurisdiction.

## I.  DISCUSSION

### A.  *Nature of Nails' Complaint*

Nails' complaint fails to state a federal question. She labeled her initial complaint as a "Complaint Neglectance" [sic] and grounded her claims in various sections of the Uniform Commercial Code, a state law. She also alleged in her first complaint that she was "suing the defendant for trying to ruin the plaintiff [sic] integrity and the relationship with the Compass Bank while the plaintiff had a checking account with Compass Bank . . . . ". She initially sued for $3,000,000 in damages (See Doc. # 1, Exhibit B).

In her Amended Complaint, Nails failed to cite to any statute or law allegedly violated by the defendant, but she alleges essentially the same factual bases in her attempt to establish legally cognizable wrongs. Thus the court has concluded that the plaintiff intended to sue Compass Bank for negligence and for violations of the an Alabama state statute, namely, the Uniform Commercial Code. She alleges that she "incurred . . . Damages totaling $75,000.00" (Doc. # 6).

### B.  *Jurisdiction*

Because the federal court is a court of limited of jurisdiction, **Kokkonen v. Guardian Life Ins. Co.,** 511 U.S. 375, 377 (1994), it is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* Accordingly, this court must examine the complaint to determine whether the court has subject matter jurisdiction "at the earliest possible stage in the proceedings." **Univ. of South Ala. v. American Tobacco**,

168 F.3d 405, 410 (11th Cir.1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id*. "It is to be presumed that a cause lies outside this limited jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction, . . . ." **Kokkonen**, 511 U.S. at 377. "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." **Morrison v. Allstate Indem. Co.**, 228 F.3d 1255, 1261 (11th Cir.2000).

By specifically citing to several sections of the Uniform Commercial Code, Nails invokes the court's diversity jurisdiction, requiring a plaintiff whose lawsuit is based on state law to demonstrate that the plaintiffs and defendants are citizens of different states. That she premises her claim on a state cause of action, i.e., negligence, is further evidence that she intends to invoke diversity jurisdiction. In her Motion to Proceed In Forma Pauperis (Doc. # 2), Nails listed her address as

> 342 South Saint Andrews Street
> Ap. 808
> Dothan, Alabama 36301

In an attempt to secure additional information, the court directed Nails to include in her Amended Complaint whether Compass Bank was incorporated in the state of Alabama. Nails responded that "[t]he Compass Bank is incorporated in the States of Alabama" (Doc. # 6). Thus, both parties to this lawsuit are residents of Alabama.

Title 28 U.S.C. § 1332(a) provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil

3

    actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
      (1) citizens of different States;
      (2) citizens of a State and citizens or subjects of a foreign state;
      (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
      (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different states.

The face of the complaint reveals that none of the above circumstances are met by the residences of the plaintiff and the defendant. Thus, this court lacks jurisdiction in this case. See *Southern Bakeries, Inc. v. Knipp*, 852 So.2d 712 (Ala. 2003).

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action and Nails' claims be DISMISSED without prejudice.[1]

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **4 May 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal

---

[1] While Nails may seek to file her complaint in state court, the court notes that, under Alabama law, she may be barred by the applicable statute of limitations.

factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982). *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 12th day of April, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE