IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06CV253-MEF |
| | ) | |
| COMPASS BANK DOTHAN | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On 17 April 2006, the plaintiff filed an Objection (Doc. # 8) to the Recommendation filed in this case on 12 April 2006 (Doc. # 7). The Recommendation advised dismissal of the complaint and was premised upon the court's lack of diversity jurisdiction, presumably invoked by Nails.

Nails now advises the court that she was not invoking the court's diversity jurisdiction. Rather, she intended to present a federal question to the court and thereby invoke its original jurisdiction pursuant to 33 U.S.C. §918, 42 U.S.C. §404(b), and 20 CFR 404.506. The court has examined both statutes and the federal regulated cited by Nails, and finds, at least preliminarily, that they do not address the facts or govern the conduct that she alleged in her complaint.

A.   *Title 33 U.S.C. §918*

Title 33 of the United States Code concerns "Navigation and Navigable Waters" and

the compensation due to longshore and harbor workers. Section 918 thereof sets forth procedures for collection of defaulted payments by employers. It initially provides that:

> In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days, after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or [for] a supplementary order declaring the amount of the default.

The section further sets forth the rights of longshore and harbor workers to have the amount of defaulted compensation declared and a judgment therefor entered in the appropriate court. The statute is devoid of any mention of the circumstances referenced in Nails' complaint.

B.    *Title 42 U.S.C. § 404(b)*

Title 42 is the United States Code's sub-division devoted to regulation of Public Health and Welfare, and the section cited by Nails is specifically focused upon payments of old-age, survivors, and disability benefits from or by the Social Security Administration. Subsection 404 (b) provides, in its entirety, as follows:

> No recovery from persons without fault. In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this title [42 USCS §§ 401 et seq.] or would be against equity and good conscience. In making for purposes of this subsection any determination of whether any individual is without fault, the Commissioner of Social Security shall specifically take into account any physical,

> mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language).

Again, the language of the statute is wholly incongruent with Nails' allegations.

### C.   20 C.F.R. 404.506

Predictably, this section of the Code of Federal Regulations pertains as well to federal old-age, survivors and disability insurance. The section discusses and offers guidance to those involved in resolving overpayments from such funds to individuals, and waivers of adjustments of overpayments. The language of this section is inapplicable to Nails's allegations against Compass Bank.

### CONCLUSION

Nails has failed to state a cause of action under any of the three federal provisions presented as substantive bases for her lawsuit. Without additional information or allegations from Nails, the court cannot recognize a cause of action under any of these three provisions. If Nails is unable to invoke the court's federal question jurisdiction, the only other basis of jurisdiction is diversity jurisdiction. Thus, the court declines at this time to withdraw the Recommendation entered on 12 April 2006 (Doc. # 7). Rather, the court will extend to Nails a final opportunity to establish jurisdiction appropriately. Accordingly, it is

ORDERED that, on or before 5 May 2006, Nails shall show cause in writing why her claims should not be dismissed. In doing so, Nails may file an Amended Complaint which

(1) sets forth the legal bases for her lawsuit, whether derived from federal or state law, and (2) all of the facts which support her claims. The Amended Complaint must include at least the following provisions:

1. The federal statutes, federal regulations, or federal constitutional provisions which Compass Bank violated;

2. A description of all of the actions which Compass Bank took in violation of each federal statutory or constitutional provision;

3. The specific dates or time period when each violation occurred;

4. The specific out-of-pocket losses or damages that the plaintiff suffered for each violation;

5. A clear explanation of whether the plaintiff seeks an injunction or monetary relief, and, if monetary relief, the specific relief that the plaintiff seeks **against each defendant for each violation.**

Unless the plaintiff provides the foregoing information, this action may not proceed. The plaintiff is advised that her failure to comply with this order could result in a Recommendation to the court that this case be dismissed.

Upon review of her Amended Complaint, the Magistrate Judge will determine if the court's jurisdiction has been properly invoked and determine whether the existing Recommendation shall remain in effect or be withdrawn. The District Judge assigned to this case is specifically advised that no action should be taken on the Recommendation until Nails files her Amended Complaint.

DONE this 1ˢᵗ day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE