IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 1:06-cv-253-MEF |
| | ) |
| COMPASS BANK DOTHAN, | ) (WO-Not Recommended for Publication) |
| | ) |
| DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

On April 12, 2006, the United States Magistrate Judge entered the Recommendation of the Magistrate Judge (Doc. # 7) that this action and Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction. The case is now before the court on the Recommendation of the Magistrate Judge (Doc. # 7) and the "Merit(s) of Objection" (Doc. # 8) filed on April 17, 2006 by Plaintiff.

After an independent review of the file, it is the ORDER, JUDGMENT, and DECREE of the court:

a.  That the "Merit(s) of Objection" (Doc. # 8) filed on April 17, 2006 by Plaintiff is OVERRULED; and

b.  That the Recommendation of the Magistrate Judge (Doc. # 7) is ADOPTED.

c.  The court offers the following further explanation for its determination that this case is due to be DISMISSED WITHOUT PREJUDICE for want of subject matter jurisdiction. Plaintiff's initial "Complaint Neglectance [sic]" (Doc. # 1) set forth claims

pursuant to Alabama law. Plaintiff appeared to rely on a entry which appears in wikipedia and describes the physical jurisdiction of the United States District Court for the Middle District of Alabama as grounds for invoking this court's "jurisdiction." The Magistrate Judge quite properly ascertained that there was a need for further amendment of the complaint to clarify the purported basis for this court's subject matter jurisdiction over the action and directed Plaintiff to amend her complaint. On April 7, 2006, Plaintiff filed her "Admended [sic] Complaint" (Doc. # 6). The complaint, as amended, also failed to set forth an appropriate basis for this court to exercise subject matter jurisdiction over this action. Consequently, the Recommendation of the Magistrate Judge recommended dismissal of this action without prejudice for want of subject matter jurisdiction. Plaintiff has objected to that recommendation. Plaintiff argues that she is not invoking this court's jurisdiction pursuant to 28 U.S.C. § 1332, rather she contends that she is alleging violation of certain federal laws. Because 28 U.S.C. § 1331 would provide a basis for subject matter jurisdiction over this action if it arises under federal law, the Magistrate Judge ordered Plaintiff to amend her complaint to show cause why her claims should not be dismissed and to further amend her complaint to properly invoke a federal statute. The Magistrate Judge clearly explained to Plaintiff that the federal statutory and regulatory provisions cited in Plaintiff's objection did not address the facts or govern the conduct alleged in the complaint or the amended complaint. Plaintiff declined to further amend her complaint or to set forth any basis for this court to exercise subject matter jurisdiction over this action. Upon a thorough review of the

entire file in this matter, the court finds that it lacks any proper basis for subject matter jurisdiction over this action. For this reason, this case and Plaintiff's claims are due to be DISMISSED WITHOUT PREJUDICE.

The court will entered a separate final judgment consistent with this Order.

DONE this the 9th day of May, 2006.

                                                    /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE